UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20449-MOORE/DAMIAN

**UNITED STATES OF AMERICA**,

v.

**TRISTIN TRE-MEL WASHINGTON**,

    Defendant.

_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the Court following an Order of Referral from the Honorable K. Michael Moore, United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant, Tristin Tre-Mel Washington ("Defendant"). [ECF No. 21]. Based upon the change of plea hearing conducted on January 24, 2024, the undersigned makes the following findings and recommends that the guilty plea be accepted.

    1.    The undersigned advised Defendant of his right to have these proceedings conducted by Judge Moore, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Referral from Judge Moore. I further advised Defendant that Judge Moore would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Moore. Defendant, who stated that he had discussed his right to have the hearing conducted by the District Judge with

his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2. Defendant was placed under oath and appeared before the undersigned personally in open court. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

3. Defendant was advised of his rights as set forth in Federal Rule of Criminal Procedure 11(b)(1)(B)–(E), and he acknowledged that he understood those rights, discussed them with his counsel, and was knowingly and voluntarily waiving them.

4. Defendant indicated he was knowingly and voluntarily pleading guilty to Count 1 of the Indictment filed in this case, which charges him with transportation of child pornography, in violation of Title 18, United States Code, Sections 2252(a)(1) and (b)(1). [ECF No. 12]. I advised Defendant that the Court must impose a mandatory minimum term of five (5) years' imprisonment, followed by a term of supervised release of at least five (5) years and up to life, and that the statutory maximum penalty the Court could impose is a term of twenty (20) years' imprisonment. I further advised Defendant that, in addition to any term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, and the Court will assess a mandatory special assessment of $100.00, which is due at the time of sentencing. Defendant was also advised that the Court will assess an additional special assessment of $5,000, unless Defendant presents evidence of and is determined to be unable to pay. Defendant acknowledged that he understands the possible penalties the Court may impose, including the minimum and maximum penalties, in addition to forfeiture and restitution.

5. Defendant also acknowledged that he understands the Sentencing Guidelines and that he has discussed with his attorney the applicable guidelines range, as well as applicable departures.

6. Defendant stated that his decision to plead guilty is voluntary and not the result of force, threats, or promises.

7. To set forth the factual basis for the entry of the plea, the Government provided a written proffer of the facts it would have established at trial. [ECF No. 25]. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant and his counsel agreed that the facts proffered by the Government satisfy all elements of the crime charged, and Defendant and his counsel agreed the Government had provided evidence in discovery that supports the facts proffered by the Government.

8. The parties entered into a written plea agreement that was thereafter filed with the Court. [ECF No. 26]. The plea agreement includes certain terms agreed by the parties.

9. I reviewed the terms of the written plea agreement on the record, including the following: Defendant will plead guilty to Count 1 of the Indictment filed in this matter, and the Government will seek dismissal of Count 2 after sentencing; and the parties agree to a two or three level reduction to Defendant's base offense level under Section 3E1.1 of the Sentencing Guidelines based on acceptance of responsibility as long as Defendant complies with the obligations set forth in the plea agreement. There were no other agreements contained within the written plea agreement regarding application of the Sentencing Guidelines or other enhancements or reductions that may be raised at the time of sentencing.

10. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney.

11. Defendant further acknowledged that he understands that in the event the District Judge does not accept the parties' recommendations or sentences him to terms that are greater than he anticipated, that will not be grounds for withdrawal of his guilty plea.

12. Defendant acknowledged that he agrees to forfeit to the United States property constituting or derived from proceeds of the crime to which he is pleading guilty, as further set forth in paragraph 11 of the plea agreement, including forfeiture of substitute property. Defendant agrees the property subject to forfeiture includes, but is not limited to, forfeiture of any images depicting minors engaged in sexually explicit conduct, in addition to any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction. Defendant further acknowledged that he has agreed not to object to the forfeiture on Eighth Amendment grounds, as further set forth in paragraph 12 of the plea agreement, and I found that his waiver of his Eighth Amendment rights was a knowing, voluntary, and fully informed waiver.

13. Defendant further acknowledged that the Court may order restitution for the full amount of the victim's losses, and Defendant agrees to make full restitution to all victims of his offenses and that the Court will order restitution in an amount not less than $3,000 per victim.

14. Defendant also acknowledged that he will be required to register as a sex offender upon his release from prison as a condition of his supervised release and that, independent of his supervised release, he will be subject to state and federal sex offender registration requirements, which may apply throughout his entire life.

15. Defendant further acknowledged that he must continue to comply with all the conditions of his bond unless modified by order of the Court.

16. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

17. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Count 1 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offense as charged.

18. A pre-sentence investigation report will be prepared for the District Court by the United States Probation Office. The sentencing date will be set by separate order.

As agreed by the parties on the record, the parties will have until **Monday, January 29, 2024**, to file written objections to this Report and Recommendation, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1)

waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

      **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 25th day of January, 2024.

                                            MELISSA DAMIAN
                                            UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. K. Michael Moore, *U.S. District Judge*
Counsel of Record